# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRANDON TUCKER,

    Plaintiff,

v.

CREDIT CORP SOLUTIONS, INC. et al.
*a/k/a* LENDINGCLUB CORPORATION,
*a/k/a* WEBBANK

    Defendants.
_____/

Case No. 24-13146
Hon. Jonathan J.C. Grey

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING COMPLAINT (ECF No. 2)

Pro se plaintiff Brandon Tucker filed this case and an application to proceed without prepaying costs and fees on November 26, 2024. (ECF Nos. 1, 2.) In his complaint, Tucker brings claims against Defendants Credit Corp Solutions, Inc. ("Credit Corp"), Richard Roosen, Paul E. Varchetti, and Lynn Oliver, PLLC ("Lynn") alleging fraud. (ECF No. 1.)

## I. Factual Background

Tucker alleges that on or around July 25, 2022 the defendants conspired to enter a default judgment against him based on a fraudulent online loan contract in Wayne County Third Circuit Court. (*Id.* at

PageID.5.) Tucker claims that he has been a consistent resident of Oakland County since 2014, yet defendants intentionally sent all court correspondences to a Detroit address where he did not physically live. (*Id.*) Tucker further alleges that, due to defendants' lack of disclosure, he suffered an undefined, ongoing injury from August 2022 to May 2024 and was impeded from determining who was at fault and means of relief. (*Id.*) Tucker claims Roosen was listed as the attorney for Credit Corp. (*Id.*) He also claims he sent the defendants several notarized affidavits from March 12, 2024 until April 2, 2024 informing them of his rights under the contract. (*Id.*) Tucker has attached the alleged affidavits that he sent to defendants to his complaint, and he claims defendants' nonresponse to his letters is proof that they admit to "unjust enrichment, tort feasor [sic], fraud, and mail fraud." (*Id.*)

For the following reasons, the Court **GRANTS** Tucker's application to proceed without prepaying fees and costs and **DISMISSES** the complaint for lack of jurisdiction.

## II. Legal Standards

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the

2

Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Further, the Court can only hear cases if it has subject-matter jurisdiction over the claims. The Court can dismiss a complaint at any time on its own if it finds that it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Generally, the Court can only hear cases dealing with federal questions, 28 U.S.C. § 1331, or that meet the requirements for diversity jurisdiction, 28 U.S.C. § 1332.

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). "In a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645–

3

646 (citation and internal quotation marks omitted); *see also Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("A federal court has [diversity] jurisdiction only if complete diversity exists").

### III. Analysis

The Court finds that Tucker is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court does not have jurisdiction over Tucker's claims. Generally, in order to maintain a suit in federal court for state law claims under diversity jurisdiction, the plaintiff must allege that there is complete diversity of citizenship between the plaintiff and the defendants. 28 U.S.C. § 1332. Here, based on the allegations in the complaint, there is no diversity of citizenship as both Tucker and Roosen are citizens of Michigan. Additionally, the citizenship of both Varchetti and Lynn are undisclosed.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Tucker's application to proceed without prepaying and **DISMISSES WITHOUT PREJUDICE** this action against the defendants.

**SO ORDERED.**

Dated: January 27, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2025.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager